# JUDGE KARAS

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ASGCO MANUFACTURING, INC.,

                               Plaintiff,

            -against-

WDF, INC., WDF/GREENE-A KEYSPAN ENERGY
CORPORATION, FEDERAL INSURANCE COMPANY,
VARIOUS JOHN DOES, JANE DOES and XYZ
COMPANIES,

                          Defendants.

**COMPLAINT**

Civ.

**JURY TRIAL DEMANDED**

-------------------------------------------------------------------

     Plaintiff, ASGCO Manufacturing, Inc., by and through its attorneys, Kaufman Dolowich & Voluck LLP, as and for its Complaint against the Defendants, WDF, Inc., WDF/Greene-A KeySpan Energy Company, Federal Insurance Company, Various John Does, Jane Does and XYZ Companies, alleges as follows upon information and belief:

## PARTIES

     1.    Plaintiff, ASGCO Manufacturing, Inc. ("Plaintiff"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with offices and a principal place of business located at 301 Gordon Street, Allentown, Pennsylvania 18102.

     2.    Upon information and belief, Defendant, WDF, Inc. ("WDF"), is a corporation duly organized and existing under and by virtue of the laws of the State of New York, having a principal place of business located at 30 North MacQuestin Parkway, Mt. Vernon, New York 10550.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

# JUDGE KARAS

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ASGCO MANUFACTURING, INC.,

                                Plaintiff,

              -against-

WDF, INC., WDF/GREENE-A KEYSPAN ENERGY
CORPORATION, FEDERAL INSURANCE COMPANY,
VARIOUS JOHN DOES, JANE DOES and XYZ
COMPANIES,

                                Defendants.

**COMPLAINT**

Civ.

**JURY TRIAL DEMANDED**

-------------------------------------------------------------------

       Plaintiff, ASGCO Manufacturing, Inc., by and through its attorneys, Kaufman Dolowich

& Voluck LLP, as and for its Complaint against the Defendants, WDF, Inc., WDF/Greene-A

KeySpan Energy Company, Federal Insurance Company, Various John Does, Jane Does and

XYZ Companies, alleges as follows upon information and belief:

### PARTIES

       1.     Plaintiff, ASGCO Manufacturing, Inc. ("Plaintiff"), is a corporation duly

organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania,

with offices and a principal place of business located at 301 Gordon Street, Allentown,

Pennsylvania 18102.

       2.     Upon information and belief, Defendant, WDF, Inc. ("WDF"), is a corporation

duly organized and existing under and by virtue of the laws of the State of New York, having a

principal place of business located at 30 North MacQuestin Parkway, Mt. Vernon, New York

10550.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

3.     Upon information and belief, Defendant, WDF/Greene-A KeySpan Energy Company("WDF/Greene"), is a corporation duly organized and existing under and by virtue of the laws of the State of New York, having a principal place of business located at 30 North MacQuestin Parkway, Mt. Vernon, New York 10550, and a registered agent located at C/O Corporation Service Company, 80 State Street, Albany, New York 12207.

4.     Defendant Federal Insurance Company ("Federal") is corporation duly organized and existing under and by virtue of the laws of the State of Indiana, having a place of business located at 15 Mountain View Road, Warren, New Jersey 07061.

5.     Federal is authorized by the New York State Insurance Department to do business within the State as a performance and payment bond surety company in connection with commercial construction projects.

6.     The identities of the VARIOUS Defendants JOHN DOES, JANE DOES, and XYZ COMPANIES are not presently known, and Plaintiff will seek leave of this Court to amend this Complaint, if necessary, to include the name or names of said individuals, corporations, or entities when such information becomes available.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action under 28 U.S.C. Section 1332(a) because there is complete diversity of citizenship between Plaintiff and all Defendants and because each matter in controversy, excluding interest and costs, exceeds the sum of $75,000.00.

8.     Venue is proper in the Southern District of New York because Defendants WDF and WDF/Greene maintain offices in the Southern District and all of the work performed under the contract at issue occurred in the Southern District.

## **FACTUAL BACKGROUND**

9.      Plaintiff is a manufacturer of proprietary bulk conveyor components and accessories that enhance material flow performance.

10.      WDF and/or WDF/Greene entered into a construction contract (the "Contract") with the City of New York Department of Environmental Protection ("NYCDEP"), whereby, for the sum of $2,556,710.00, WDF and/or WDF/Greene agreed to recondition and refurbish ten (10) existing Sludge Cake Conveyor Belts, known as Contract HP-234, at the Hunts Point WPCP Control Plant, Bronx, New York (the "Project").

11.      On or about June 14, 2004, as a condition to being awarded the Contract by the NYCDEP, WDF and/or WDF/Greene, as principal(s), delivered to NYCDEP, Payment Bond No. 81925541 (the "Bond") issued by Federal, as surety, in the amount of $2,556,710.00 which, by its terms, was for the benefit of those persons who furnished work, labor, services and material to WDF and/or WDF/Greene in the performance of the work provided for in the Contract.  (A copy of the Bond is annexed hereto as Exhibit "A.")

12.      On or about June 11 2004, WDF and/or WDF/Greene forwarded to Plaintiff a Letter of Intent stating that WDF and/or WDF/Greene fully intend to award to Plaintiff certain conveyor rehabilitation work at the Project for the lump sum price of $1,600,000.00.  The Letter of Intent further stated that a formal purchase order/subcontract agreement would follow after approval was received from NYCDEP.  (A copy of the Letter of Intent is annexed hereto as Exhibit "B.")

13.      On or about July 28, 2004, WDF and/or WDF/Greene forwarded to Plaintiff a Purchase Order/Subcontract (the "Subcontract"), whereby for the specified sum of $1,600,000.00, Plaintiff, in accordance with the Letter of Intent dated June 11, 2004, agreed to provide all labor, materials, tools, equipment and supervision for the rehabilitation of conveyors

at the Project on behalf of WDF and/or WDF/Greene, which WDF and/or WDF/Greene were required to perform pursuant to the Contract. (A copy of the Subcontract is annexed hereto as Exhibit "C.")

       14.     On or about August 10, 2004, the Subcontract was executed by Plaintiff.

       15.     On or about October 8, 2004, Plaintiff and WDF and/or WDF/Greene entered into a Subcontract Change Order ("October Change Order"), which stated that Plaintiff would now provide one (1) supervisor for the work as detailed in the Subcontract and that WDF and/or WDF/Greene would provide the balance of the required labor.  (A copy of the October Change Order is annexed hereto as Exhibit "D.")

       16.     As a result of the October Change Order, the sum of money due to Plaintiff under the terms of the Subcontract to perform the conveyor rehabilitation work at the Project was reduced from $1,600,000.00 to $1,475,000.00.

       17.     During the performance of the work, Plaintiff, at the request of WDF and/or WDF/Greene, performed additional work which was not within the scope of the Subcontract (the "January Change Orders").  (Copies of the January Change Orders are annexed hereto as Exhibit "E.")

       18.     As a result of the January Change Orders, the sum of money due to Plaintiff under the terms of the Subcontract and the October and January Change Orders was increased from $1,475,000.00 to $1,586,612.06.

       19.     During the course of the Project, inefficiencies in the progress and scheduling of the work on the Project by WDF and/or WDF/Greene, caused Plaintiff to incur additional costs to complete its work, all of which WDF and/or WDF/Greene approved and received invoices for from Plaintiff.

20.     The inefficiencies in the progress and scheduling of the work on the Project were solely the result of circumstances and events within the direction and control of WDF and/or WDF/Greene, without any fault attributable to Plaintiff.

21.     Plaintiff has fully performed all of its obligations under the Subcontract and the October and January Change Orders.

22.     In June 2005 and July 2005, after performing all of its obligations under the Subcontract and the October and January Change Orders, Plaintiff, at the request of WDF and/or WDF/Greene, forwarded all outstanding invoices to WDF and/or WDF/Greene for final payment.

23.     Plaintiff has only been paid the sum of $1,504,081.00 for the work performed.

24.     There is currently due and owing to Plaintiff from WDF and/or WDF/Greene and/or Federal the sum of $259,667.53, together with interest at the legal rate.

25.     Despite due demand thereof, WDF and/or WDF/Greene and/or Federal have failed and/or refused to make payment of the remaining sum due and owing.

<u>COUNT I</u>
<u>PLAINTIFF V. DEFENDANTS WDF, INC. AND WDF/GREENE-A KEYSPAN ENERGY
COMPANY</u>
<u>(BREACH OF CONTRACT)</u>

26.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth at length herein.

27.     Plaintiff and WDF and WDF/Greene entered into the Subcontract and October and January Change Orders for Plaintiff to perform certain conveyor rehabilitation work at the Project.

28.     WDF and WDF/Greene breached the agreement by, among other things, failing to pay Plaintiff the remaining balance due and owing for work performed at the Project.

- 5 -

29.     As a direct and proximate cause of WDF and WDF/Greene's breach of contract, Plaintiff has suffered damages in the sum of $259,667.53, together with interest at the legal rate and costs.

## COUNT II
## PLAINTIFF V. DEFENDANTS WDF, INC. AND WDF/GREENE-A KEYSPAN ENERGY COMPANY
### (UNJUST ENRICHMENT)

30.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 29 as if fully set forth at length herein.

31.     WDF and WDF/Greene have benefited from, among other things, the performance of work, labor and services, and the furnishing of equipment and materials by Plaintiff in the amount of $1,753,648.53.

32.     WDF and WDF/Greene accepted and retained all benefits provided to them by Plaintiff.

33.     WDF and WDF/Greene have failed and/or refused to reimburse Plaintiff the balance due and owing for all work, labor and services performed in the sum of $259,667.53, together with interest at the legal, despite demands by Plaintiff for this amount, and therefore, WDF and WDF/Greene have been unjustly enriched at the expense of Plaintiff.

## COUNT III
## PLAINTIFF V. DEFENDANTS WDF, INC., WDF/GREENE-A KEYSPAN ENERGY COMPANY AND FEDERAL INSURANCE COMPANY
### (CLAIMS UNDER PAYMENT BOND)

34.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 33 as if fully set forth at length herein.

35.     As a condition to being awarded the Contract by NYCDEP, WDF and/or WDF/Greene, as principal(s), delivered to NYCDEP, the Bond, issued by Federal, in its role as surety, in the amount of $2,556,710.00 which, by its terms, was for the benefit of those persons

- 6 -

who furnished work, labor, services and material to WDF and/or WDF/Greene in the performance of the work provided for in the Contract. (See, Exhibit "A.")

36.    Federal, WDF and WDF/Greene are jointly and severally liable to Plaintiff for the sums recovered against the Bond.

37.    By reason of the foregoing, Federal, WDF and WDF/Greene are jointly and severally liable to Plaintiff in the amount of $259,667.53, together with interest at the legal rate and costs.

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

(i)    on the first cause of action, judgment against Defendants WFD and WFD/Greene, jointly and severally, in the sum of $259,667.53;

(ii)    on the second cause of action, judgment against Defendants WFD and WFD/Greene, jointly and severally, in the sum of $259,667.53;

(iii)    on the third cause of action, judgment against all Defendants, jointly and severally, in the sum of $259,667.53;

(iv)    interest, costs, attorneys fees and such other and further relief as this Court may deem appropriate.

Dated: Woodbury, New York
       July 11, 2008

                                    Kaufman Dolowich & Voluck LLP
                                    Attorneys for Plaintiff, ASGCO.

                              By: _____
                                    Matthew J. Minero (MM 4925)
                                    135 Crossways Park Drive, Suite 201
                                    Woodbury, New York  11797
                                    (516) 681-1100

ND: 4839-9814-4258, v.  2ND: 4839-9814-4258, v. 2

*Ex. A*

BOND NO.:   81925541
PAYMENT BOND PAGE 1 OF 6

## PAYMENT BOND

KNOW ALL PERSONS BY THESE PRESENTS, That we,

WDF, INC.

30 NORTH MACQUESTEN PARKWAY

MT. VERNON, NY  10550

hereinafter referred to as the "Principal" and

FEDERAL INSURANCE COMPANY

15 MOUNTAIN VIEW ROAD, MAIL CODE (WGTII-230), WARREN, NJ 07061

hereinafter referred to as the "Surety" ("Sureties") are held and firmly bound to THE CITY OF NEW YORK, hereinafter referred to as the "City" or to its successors and assigns, in the penal sum of:

TWO MILLION FIVE HUNDRED FIFTY SIX THOUSAND SEVEN HUNDRED TEN DOLLARS AND
00/100

$  2,556,710.00

lawful money of the United States, for the payment of which said sum of money well and truly to be made, we, and each of us, bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal is about to enter, or has entered, into a Contract in writing with the City for:

CONTRACT HP-234 - INSTALLATION OF FOUR NEW SLUDGE CAKE CONVEYORS

BELTS, HUNTS POINT WPCP - PIN#82604WPC1004

a copy of which Contract is annexed to and hereby made a part of this bond as though herein set forth in full.

CITY OF NEW YORK                                    STANDARD CONSTRUCTION CONTRACT

OCTOBER 2000

# PAYMENT BOND

NOW, THEREFORE, the conditions of this obligation are such that if the Principal, his or its representatives or assigns and other Subcontractors to whom Work under this Contract is sublet and his or their successors and assigns shall promptly pay or cause to be paid all lawful claims for:

a)      Wages and compensation for labor performed and services rendered by all persons engaged in the prosecution of the Work under said Contract, and any amendment or extension thereof or addition thereto, whether such persons be agents, servants or employees of the Principal or of any such Subcontractors, including all persons so engaged who perform the work of laborers or mechanics at or in the vicinity of the site of the Project regardless of any Contractual relationship between the Principal or such Subcontractors, or his or their successors or assigns, on the one hand and such laborers or mechanics on the other, but not including office employees not regularly stationed at the site of the Project, and

b)      Materials and supplies (whether incorporated in the permanent (construction or not), as well as teams, fuels, oils, implements or machinery furnished, used or consumed by said Principal or any Subcontractors at or in the vicinity of the site of the Project in the prosecution of the Work under said Contract and any amendment or extension thereof or addition thereto; then this obligation shall be null and void; otherwise to remain in full force and effect. This bond is subject to the following additional conditions, limitations and agreements:

a)      The Principal and Surety (Sureties) agree that this bond shall be for the benefit of any materialman or laborer having a just claim, as well as the City itself.

b).     All persons who have performed labor, rendered services or furnished materials and supplies, as aforesaid, shall have a direct right of action against the Principal and his, its or their successors and assigns, and the Surety (Sureties) herein, or against either or both or any of them and their successors and assigns. Such persons may sue in their own name, and may prosecute the suit to judgment and execution without the necessity of joining with any other person as party plaintiff.

c)      The Principal and Surety (Sureties) agree that neither of them will hold the City liable for any judgment for costs or otherwise, obtained against either or both of them by a laborer or materialman in a suit brought by either a laborer or materialman under this bond for moneys allegedly due for performing work or furnishing material.

d)      The Surety (Sureties) or its successors and assigns shall not be liable for any compensation recoverable by an employee or laborer under the Workmen's Compensation Law.

CITY OF NEW YORK

STANDARD CONSTRUCTION CONTRACT

OCTOBER 2000

## PAYMENT BOND

e)      In no event shall the Surety (Sureties), or its successors or assigns, be liable for a greater sum than the penalty of this bond or be subject to any suit, action or proceeding hereon that is instituted by any person, firm, or corporation hereunder later than two years after the complete performance of said Contract and final settlement thereof.

The Principal, for himself/herself and his successors and assigns, and the Surety (Sureties), for itself and its successors and assigns, do hereby expressly waive any objection that might be interposed as to the right of the City to require a bond containing the foregoing provisions, and they do hereby further expressly waive any defense which they or either of them might interpose to an action brought hereon by any person, firm or corporation, including Subcontractors, MATERIALMAN and third persons, for work, labor, services, supplies or material performed, rendered, or furnished as aforesaid upon the ground that there is no law authorizing the City to require the foregoing provisions to be placed in this bond.

And the Surety (Sureties) for value received, for itself and its successors and assigns, hereby stipulates and agrees that the obligation of said Surety (Sureties) and its bond shall be in no way impaired or affected by any extension of time, modification, omission, addition, or change in or of the said Contract or the Work to be performed thereunder, or by any payment thereunder before the time required therein, or by any waiver of any provisions thereof, or by any assignment, subletting or other transfer thereof or of any part thereof, or of any Work to be performed, or any moneys due or to become due thereunder; and said Surety (Sureties) does hereby waive notice of any and all of such extensions, modifications, omissions, additions, changes, payments, waivers, assignments, subcontracts and transfers, and hereby expressly stipulates and agrees that any and all things done and omitted to be done by and in relation to assignees, Subcontractors, and other transferees shall have the same effect as to said Surety (Sureties) as though done or omitted to be done by or in relation to said Principal.

# PAYMENT BOND

IN WITNESS WHEREOF, the Principal and the Surety (Sureties) have hereunto set their hands and seals, and such of them as are corporations have caused their corporate seals to be hereunto affixed and these presents to be signed by their proper officers, this 14TH day of JUNE 2004

(SEAL)                                WDF, INC.                    (L.S.)
                                      Principal
                        By: _____

(SEAL)                  FEDERAL INSURANCE COMPANY
                        _____
                        Surety
                        By: _____
(SEAL)                  NANCY SCHNEE, ATTORNEY-IN-FACT
                        _____
                        Surety
                        By: _____

(SEAL)                  _____
                        Surety
                        By: _____

(SEAL)                  _____
                        Surety
                        By: _____

BOND PREMIUM RATE: _____

BOND PREMIUM COST: _____

If the Contractor (Principal) is a partnership, the bond should be signed by each of the individuals who are partners. If the Contractor (Principal) is a corporation, the bond should be signed in its correct corporate name by a duly authorized officer, agent, or attorney-in-fact. There should be executed an appropriate number of counterparts of the bond corresponding to the number of counterparts of the Contract.

CITY OF NEW YORK

STANDARD CONSTRUCTION CONTRACT

OCTOBER 2000

## PAYMENT BOND

**ACKNOWLEDGMENT OF PRINCIPAL - IF A CORPORATION**

State of ___NEW YORK___ County of _____ ss:

On this ___14TH___ day of ___JUNE___, 2004

before me personally came _Lawrence Roman_

to me known, who, affirms or being by me duly sworn did depose and say that he/she resides

at _Roslyn, NY_

that he/she is the _President_ of ___WDF, INC.___
the corporation described in and which executed the foregoing instrument; that he/she knows the seal of said corporation; that one of the seals affixed to said instrument is such seal; that it was so affixed by order of the directors of said corporation, and that he/she signed his name thereto by like order.

_____
Notary Public or Commissioner of Deeds

GEETA GOBERDHAN
NOTARY PUBLIC STATE OF NEW YORK
NO. 01GO6028680
QUALIFIED IN WESTCHESTER COUNTY
CERTIFICATE FILED IN WESTCHESTER COUNTY
COMMISSION EXPIRES AUGUST 23, 20__

**ACKNOWLEDGMENT OF PRINCIPAL - IF A PARTNERSHIP**

State of _____ County of _____ ss:

On this _____ day of _____

before me personally appeared _____

to me known and known to me to be one of the members of the firm

of: _____
described in and who executed the foregoing instrument and he/she acknowledged to me that he/she executed the same as and for the act and deed of said firm.

_____
Notary Public or Commissioner of Deeds

CITY OF NEW YORK                              STANDARD CONSTRUCTION CONTRACT

                                             OCTOBER 2000

# PAYMENT BOND

## ACKNOWLEDGMENT OF PRINCIPAL - IF AN INDIVIDUAL

State of_____ County of _____ SS.:

On this _____ day of _____, _____

before me personally appeared _____ me known and known
to me to be the

person described in and who executed the foregoing instrument and acknowledged that
he/she executed the same.

_____
Notary Public or Commissioner of Deeds

Each executed bond should be accompanied by:

a)      appropriate acknowledgments of the respective parties;

b)      appropriate duly certified copy of Power of Attorney or other certificate
         of authority where bond is executed by agent, officer or other
         representative of Principal or Surety;

c)      a duly certified extract from By-Laws or resolutions of Surety under which
         Power of Attorney or other certificate of authority of its agent, officer or
         representative was issued; and

d)      duly certified copy of latest published financial statement of assets and
         liabilities of Surety.

============================

## AFFIX ACKNOWLEDGMENTS AND JUSTIFICATIONS OF SURETIES

CITY OF NEW YORK                          STANDARD CONSTRUCTION CONTRACT

                                          OCTOBER 2006

This Notice pertains to the following Surety Bond issued by a member Insurer of the Chubb Group of
Insurance Companies, Including Federal Insurance Company, Vigilant Insurance Company and
Pacific Indemnity Company.

Bond Number:  81925541

## POLICYHOLDER DISCLOSURE NOTICE
## TERRORISM RISK INSURANCE ACT OF 2002

You are hereby notified that pursuant to the Terrorism Risk Insurance Act of 2002 (the
"Act") effective November 26, 2002, we are making available to you coverage for losses
arising out of certain acts of international terrorism. Terrorism is defined as any act
certified by the Secretary of the Treasury, in concurrence with the Secretary of State and
the Attorney General of the United States, to be an act of terrorism; to be a violent act or
an act that is dangerous to human life, property or infrastructure; to have resulted in
damage within the United States, or outside the United States in the case of an air carrier
or vessel or the premises of a United States Mission; and to have been committed by an
individual or individuals acting on behalf of any foreign person or foreign interest, as part
of an effort to coerce the civilian population of the United States or to influence the
policy or affect the conduct of the United States Government by coercion. Coverage for
acts of terrorism is already included in the captioned Surety Bond.

You should know that, effective November 26, 2002, any losses caused by acts of
terrorism covered by your Surety Bond will be partially reimbursed by the United States
under the formula set forth in the Act. Under this formula, the United States of America
pays 90% of covered terrorism losses that exceed the statutorily established deductible to
be paid by the insurance company providing the coverage. The portion of your premium
that is attributable to coverage for such acts of terrorism is zero, because we could not
distinguish (and separately charge for) acts of terrorism from other causes of loss when
we calculated your premium.

If you have any questions about this notice, please contact your agent or broker.



# ACKNOWLEDGEMENT OF SURETY

STATE OF NEW YORK,)
COUNTY OF NASSAU,)

ON THE 14th DAY OF June, 2004 , BEFORE ME PERSONALLY CAME Nancy Schnee TO ME KNOWN, WHO, BEING BY ME DULY SWORN, DID DEPOSE AND SAY THAT (S)HE RESIDES AT Rockville Centre, NY THAT (S)HE IS THE ATTORNEY–IN–FACT OF Federal Insurance Company THE CORPORATION DESCRIBED IN AND WHICH EXECUTED THE ABOVE INSTRUMENT; THAT (S)HE KNOWS THE SEAL OF SAID CORPORATION; THAT ONE OF THE SEALS AFFIXED TO THE FOREFGOING INSTRUMENT IS SUCH SEAL; THAT IT WAS SO AFFIXED BY ORDER OF THE BOARD OF DIRECTORS OF SAID CORPORATION; AND THAT (S)HE SIGNED HIS/HER NAME THERETO BY LIKE ORDER.

_____
Notary Public

GLORIA LOYD
Notary Public, State Of New York
No. 01L...
Qualified In Queens County
Commission Expires April 23, 20__



| Chubb Surety | POWER OF ATTORNEY | Federal Insurance Company Vigilant Insurance Company Pacific Indemnity Company | Attn.: Surety Department 15 Mountain View Road Warren, NJ 07059 |

**Know All by These Presents,** That FEDERAL INSURANCE COMPANY, an Indiana corporation, VIGILANT INSURANCE COMPANY, a New York corporation, and PACIFIC INDEMNITY COMPANY, a Wisconsin corporation, do each hereby constitute and appoint William A. Marino, David W. Rosehill, George O. Brewster, Nancy Schnee, Vincent A. Walsh, David A. Goldstein, Fern Perry, Gloria Loyd, Gaye Conklin, Fred Nicholson and Theresa J. Foley of Jericho, New York and Joseph J. Mark, Steven G. Raffual and Kathleen Anelio of Cranford, New Jersey each as their true and lawful Attorney-in-Fact to execute under such designation in their names and to affix their corporate seals to and deliver for and on their behalf as surety thereon or otherwise, bonds and undertakings and other writings obligatory in the nature thereof (other than bail bonds) given or executed in the course of business, and any instruments amending or altering the same, and consents to the modification or alteration of any instrument referred to in said bonds or obligations.

**In Witness Whereof,** said FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY have each executed and attested these presents and affixed their corporate seals on this 29th day of May, 2003.



Kenneth C. Wendel, Assistant Secretary                    Frank E. Robertson, Vice President

STATE OF NEW JERSEY
County of Somerset } ss.

On this 29th day of May, 2003, before me, a Notary Public of New Jersey, personally came Kenneth C. Wendel, to me known to be Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY, the companies which executed the foregoing Power of Attorney, and the said Kenneth C. Wendel being by me duly sworn, did depose and say that he is Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY and knows the corporate seals thereof, that the seals affixed to the foregoing Power of Attorney are such corporate seals and were thereto affixed by authority of the By-Laws of said Companies; and that he signed said Power of Attorney as Assistant Secretary of said Companies by like authority; and that he is acquainted with Frank E. Robertson, and knows him to be Vice President of said Companies; and that the signature of Frank E. Robertson, subscribed to said Power of Attorney is in the genuine handwriting of Frank E. Robertson, and was thereto subscribed by authority of said By-Laws and in deponent's presence.

Notarial Seal

MARIA D. SCARDIGNO
Notary Public State of New Jersey
No. 2229781
Commission Expires Sept. 25, 2004

Maria D. Scardigno
Notary Public

CERTIFICATION

Extract from the By-Laws of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY:

"All powers of attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman or the President or a Vice President or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the following officers: Chairman, President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached."

I, Kenneth C. Wendel, Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY (the "Companies") do hereby certify that

(i) the foregoing extract of the By-Laws of the Companies is true and correct,

(ii) the Companies are duly licensed and authorized to transact surety business in all 50 of the United States of America and the District of Columbia and are authorized by the U. S. Treasury Department; further, Federal and Vigilant are licensed in Puerto Rico and the U. S. Virgin Islands, and Federal is licensed in American Samoa, Guam, and each of the Provinces of Canada except Prince Edward Island; and

(iii) the foregoing Power of Attorney is true, correct and in full force and effect.

Given under my hand and seals of said Companies at Warren, NJ this **14TH** day of _____**JUNE, 2004**_____





Kenneth C. Wendel, Assistant Secretary

---

IN THE EVENT YOU WISH TO NOTIFY US OF A CLAIM, VERIFY THE AUTHENTICITY OF THIS BOND OR NOTIFY US OF ANY OTHER MATTER, PLEASE CONTACT US AT ADDRESS LISTED ABOVE OR BY

*Ex. B*

# WDF Inc.

30 No. MacQuesten Parkway, Mt. Vernon, NY 10550 ▪ Tel. (914) 776-8000 ▪ Fax (914) 668-5602

VIA FAX AND MAIL
(610) 778-8991
June 11, 2004

ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA 18102-3136

Attn:  Mr. Phil Wowak
       Vice President Distribution Division

                          RE:     Hunts Point WPCP – Rehabilitation
                                  of Conveyors
                                  NYC DEP Contract No. HP-234;
                                  WDF Job #511-50
                  SUBJECT:        Letter of Intent

Gentlemen:

Confirming our meeting in WDF's offices on 6/10/04, WDF Inc. fully intends to award the above subject work to ASGCO, in full compliance with all contract documents/specifications and subject to the NYC DEP's approval of ASGCO for this work, for the lump sum price of $1,600,000.00. Formal purchase order/subcontract agreement to follow.

The work will include, but not necessarily be limited to, the following:

1.  ASGCO's transmitting to WDF Inc. a full and complete submitted package for the NYC DEP's approval by 6/30/04.
2.  Pending receipt of the approval of this submittal package by the NYC DEP no later than 7/21/04, ASGCO will commence with the field work by 9/21/04 and will be complete with all field work by 12/21/04.
3.  Submission of a proposed payment breakdown for WDF's approval by 6/30/04.
4.  Submission of all NYC DEP specified insurances to WDF Inc. by 8/31/04.
5.  A daily work day of 7 A.M. to 7 P.M., Monday through Friday.
6.  Supplementation of the ASGCO work force (one working supervisor and two millwrights) with WDF's labor of one (1) millwright journeyman and two (2) millwright apprentices or two (2) laborers.
7.  All labor, materials, tools, equipment, trucking, dumpsters, supervision, project management, insurances, crane, forklifts, and hoisting, etc. as required to perform the scope of work on four (4) elevator conveyors, four (4) collector conveyors, and two (2) shuttle conveyors per DEP Bid Spec. for Contract #HP-234, including vulcanized splices of all "BELTWALL" conveyor belts as specified with removal and replacement of all skylights to facilitate same as required.

# WDF Inc.

Mr. Phil Wowak                                          **Page 2 of 2**
ASGCO Manufacturing Inc.
Hunts Point WPCP
Letter of Intent
June 11, 2004

8.    ASGCO furnishing and maintaining a temporary toilet as required for all workmen during the performance of the work.

9.    All warrantees/guarantees as specified by the contract documents.

10.   A payment of 10% upon receipt of the NYC DEP's approval of ASGCO's submittal package which allows for the release of all specified materials/equipment for fabrication. Also there will be a 2% discount offered by ASGCO on all invoices paid by WDF Inc. within ten (10) days of the end of month (E.O.M.). Standard payments are 45 to 60 days E.O.M.

The following exclusions are duly noted:

a.    All air/gas monitoring services as specified by the NYC DEP.

b.    Clean-up of all conveyors and work areas prior to the start of work.

Please advise if you have any questions or comments. Your cooperation is appreciated. We look forward to a successful project for our mutual benefit.

Very truly yours,

WDF INC.

John Stacom
Sr. Vice President

JS/rf

CC:   L. Roman; G. Gay; E. Moravcik; P. Paoli;
      C. Leya; D. Lucchi – WDF Inc.

**WDF / GREENE**
A KEYSPAN ENERGY COMPANY
30 NORTH MACQUESTEN PARKWAY
MOUNT VERNON, NEW YORK 10550
(914) 776-8000   FAX (914) 668-5538

**PURCHASE ORDER**

| 7-28-04 | 511-50 | | | 028937 |
|---|---|---|---|---|
| DATE | JOB # | P.O. NUMBER | INITIALS | |

ASGCO Manuf Inc.
301-323 Gordon St
Allentown, Pa. 18102-3136

P = 610-821-0216
F = 610-778-8991/8963
C = 610-349-5999

PLB ☐   HVAC ☐   GC ☒

ATTENTION: Phil Wowak

DELIVER TO

HUNTS POINT WWTP
F.OB. JOB SITE @
HUNTS POINT, BRONX, NY

| Quantity Ordered | Quantity Shipped | Back Ordered | Send Material Safety Data Sheets |
|---|---|---|---|
| 1 | LS | | Furnish all labor, materials, tools, equipment, supervision and insurances per the NYC DEP's contract documents (complete) known as HP-234 for the rehabilitation of conveyors at the Hunts Point WWTP for the lump sum price of $1,600,000.00 as outlined by WDF's "letter of intent" dated 6-11-04 to ASGCO Manufacturing, Inc. |

JOB Rehabilitation of Conveyors at Hunts Point WRP   BY John Hacem

LS RECEIVED AFTER THE 1ST OF ANY MONTH WILL BE DISCOUNTED THE FOLLOWING MONTH

SUBMIT BILLS IN __2__ COPIES WITH ORDER NUMBER.

ALL MATERIAL SHIPPED AGAINST THIS ORDER TO BE OF AMERICAN MANUFAC-TURE. ALL FITTINGS ON THIS ORDER TO BE FROM SAME MFR. ALL MATERIAL SHIPPED AGAINST THIS ORDER TO BE F O B JOB SITE.

ALL BILLS COVERING PARTIAL SHIPMENTS MUST STATE AMOUNT OF CONTRACT AMOUNT OF EXTRAS, AND AMOUNT BILLED TO DATE INCLUSIVE. THIS ORDER IS SUBJECT TO TERMS AND CONDITIONS OF OUR CONTRACT.

White-ORIGINAL   •   Yellow-PURCHASING DEPT. COPY   •   Pink-ACCOUNTING COPY   •   Gold-JOB FILE COPY

08/09/2004  11:00   914-6688152          WDF GC                          PAGE  01/01

## WDF / GREENE

A KEYSPAN ENERGY COMPANY
30 NORTH MACQUESTEN PARKWAY
MOUNT VERNON, NEW YORK 10550
(914) 776-8000   FAX (914) 668-5538

## PURCHASE ORDER

| 7-28-04 | 511-50 | | 028937 |
|---|---|---|---|
| DATE | JOB # | P.O. NUMBER | INITIALS |

TO  ASGCO Manuf. Inc.
301-323 Gradon St.
Allentown, Pa. 18102-3136

P = 610-821-0216
F = 610-778-899 1/8963
C = 610-349-5999

☐ PLB  ☐ HVAC  ☒ GC

ATTENTION: Phil Wowak

**DELIVER TO**
HUNTS POINT WWTP
F.O.B. JOB SITE @
HUNTS POINT, BRONX, NY

| Quantity Ordered | Quantity Shipped | Back Ordered | Send Material Safety Data Sheets |
|---|---|---|---|
| 1 | LS | | Furnish all labor, materials, tools, equipment, supervision and insurances per the NYC DEP's contract documents (complete) known as HP-234 for the rehabilitation of conveyors at the Hunts Point WWTF for the lump sum price of $1,600,000.00 as outlined by WDF's "letter of intent" dated 6-11-04 to ASGCO Manufacturing, Inc. |
| | | | |
| | | | |
| | | | Recv. 8/10/04 |
| | | | [signature] Paul Wonas |

JOB  Rehabilitation of Conveyors at Hunts Point WRP    BY  John Kacen

BILLS RECEIVED AFTER THE 1ST OF ANY MONTH WILL BE DISCOUNTED THE FOLLOWING MONTH

SUBMIT BILLS IN 2 COPIES WITH ORDER NUMBER.

ALL MATERIAL SHIPPED AGAINST THIS ORDER TO BE OF AMERICAN MANUFACTURE. ALL FITTINGS ON THIS ORDER TO BE FROM SAME MFR. ALL MATERIAL SHIPPED AGAINST THIS ORDER TO BE F O B JOB SITE.

ALL BILLS COVERING PARTIAL SHIPMENTS MUST STATE AMOUNT OF CONTRACT AMOUNT OF EXTRAS, AND AMOUNT BILLED TO DATE INCLUSIVE. THIS ORDER IS SUBJECT TO TERMS AND CONDITIONS OF OUR CONTRACT.

# WDF Inc.

*30 No. MacQuesten Parkway, Mt. Vernon, NY 10550 • Tel. (914) 776-8000 • Fax (914) 668-5602*

October 18, 2004

ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA  18102-3136

**RE:**    **#511-50; Hunts Point WPCP – HP-234 - Bronx**
      **Subcontract Change Order #S-511-59-01-01**

Gentlemen:

Please find attached the Subcontract Change Order as referenced above.

Please sign the attached two (2) Subcontract Change Order originals and send to this office evidencing your acceptance of same.. The subcontractor copy will be returned to you properly executed for your files.

All subcontractors and suppliers shall be required to furnish to this company the last available "Material Safety Data Sheets" for products under this subcontract.

Your immediate attention to this matter will be greatly appreciated.

Very truly yours,

**WDF INC.**

*Lawrence Roman*

Lawrence Roman
President

LR/rf
Attachment

CC:    LR
      PM
      ACCT
      File

# WDF Inc.

## SUBCONTRACT CHANGE ORDER

| | |
|---|---|
| *SUBCONTRACTOR:* | *ASGCO Manufacturing Inc.*<br>*301-323 Gordon Street*<br>*Allentown, PA  18102-3136* |
| *CHANGE ORDER #:* | *S-511-50-01-01* |
| *DATE:* | *October 8, 2004* |
| *PROJECT NAME:* | **Hunts Point WPCP – HP-234 - Bronx** |

### SCOPE OF WORK

*Delete ASGCO's providing two (2) technicians for rehabilitation of HP-234 conveyors as negotiated on 10/6/04 at WDF's offices.  As mutually agreed, ASGCO will provide one (1) supervisor for this work and WDF will provide the balance of the required labor.*

| | |
|---|---|
| *PREVIOUS CONTRACT PRICE:* | *$1,600,000.00* |
| *AMOUNT OF THIS ORDER:* | *$ (125,000.00)* |
| ***TOTAL CONTRACT & EXTRAS:*** | ***$1,475,000.00*** |

*THE TERMS AND CONDITIONS OF THE ORIGINAL SUBCONTRACT FOR THE ABOVE WORK SHALL GOVERN THIS CHANGE.*

*AMOUNT OF*
*ORIGINAL CONTRACT: $1,600,000.00*

**WDF Inc.**

*Accepted by:*
**ASGCO Manufacturing Inc.**

*Lawrence Roman, President*

By: _____

Title: _____

Date: _____

PM

*S511-50-01-01*
*LR/rf*

Exhibit "E"

# FAX COVER SHEET

### WDF INC.
### ⌘ JOHN STACOM ⌘
### 30 NORTH MACQUESTEN PARKWAY
### MT. VERNON, NY 10550
### PHONE: (914) 776-8000 FAX: (914) 668-9532

DATE: 1-10-05

TO: Phil Wowak

COMPANY: ASGCO

DEPARTMENT: Sales/Operations

PHONE: 610-239-5999    FAX: 610-778-8991

RE: HP-234

SUBJECT: ASGCo C.O. Nos 2 & 3

NO. OF PAGES INCLUDING COVER: 3

COMMENTS: Phil,

Here's an advanced copy of above two (2) change orders as we discussed. Formal copies will follow ASAP but this should cover ASGCO on work you've done to date. (eg - purchasing materials or equipment)

Unless I'm missing something, we were able to get pretty much what you asked for in our negotiations with the NYC DEP.

Thanks again for your help and cooperation. Please continue to stay in touch with our Supt. Gordon, for the coordination of this and all remaining work. Regards,

John Stacom

C.C; Gordon Z,

# WDF Inc.

## SUBCONTRACT CHANGE ORDER

**SUBCONTRACTOR:**  ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA  18102-3136

**CHANGE ORDER #:**  S-511-50-01-02

**DATE:**  January 5, 2005

**PROJECT NAME:**  Hunts Point WPCP – HP-234 – Bronx

**SUBJECT:**  Replacement of Existing Safety Switches on Conveyors per WDF Change
Proposal No. CP-3; Rev. 1

## SCOPE OF WORK

Furnish all labor, materials, tools, equipment, supervision and insurances per the contract
documents and attached NYC DEP Change Order No. M-1 for the lump sum price of $71,705.06
in accordance with the following breakdown furnished by ASGCO and accepted by the NYC
DEP as submitted:

1). Entire interior of four (4) panels at $5,534.00 each..............................................$22,331.06
2) ASGCO's electrical work in panels, including travel, living expenses & shop time..$ 7,874.00
3) ASGCO Supervision.................................................................................................$ 7,500.00
4) Supply of Ark tight flex couplings (F.O.B. job site) = 20 @ $265.00 each.............$ 5,300.00
5) Supply of rope pull switches (F.O.B. job site) = 24 @ $800.00 each.....................$19,200.00
6) Supply of Zero speed safety switches (F.O.B. job site) = 10 @ $950.00 each.......$ 9,500.00

                                                                    **TOTAL**        $71,705.06


**PREVIOUS CONTRACT PRICE:**    $1,475,000.00
**AMOUNT OF THIS ORDER:**       $    71,705.06
**TOTAL CONTRACT & EXTRAS:**    $1,546,705.06

THE TERMS AND CONDITIONS OF THE ORIGINAL SUBCONTRACT FOR THE ABOVE
WORK SHALL GOVERN THIS CHANGE.

                                    **AMOUNT OF**
                                    **ORIGINAL CONTRACT:** $1,600,000.00

WDF Inc.                                    Accepted by:
                                            ASGCO Manufacturing Inc.


                                            By: _____

_____                       Title: _____
Lawrence Roman, President
                                            Date: _____

S511-50-01-02
LR/rf                                                        PM

# WDF Inc.

## SUBCONTRACT CHANGE ORDER

**SUBCONTRACTOR:** ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA 18102-3136

**CHANGE ORDER #:** S-511-50-01-03

**DATE:** January 5, 2005

**PROJECT NAME:** Hunts Point WPCP – HP-234 – Bronx

**SUBJECT:** Replace Grease System as directed by NYC DEP per WDF Change Proposal CP-1; Rev. 1

## SCOPE OF WORK

Furnish all labor, materials, tools, equipment, supervision and insurances per the contract documents and attached NYC DEP Change Order No. M-2 for the lump sum price of $39,907.00 in accordance with the following breakdown:

1) Supply of all required ¼" stainless steel tubing, fittings and accessories (F.O.B. job site)........................................................................$19,407.00
2) Supply of all required grease (F.O.B. job site) for initial charge (approximately 30 gallons)...............................................................$   500.00
3) Supervision, including travel and living expenses ...............................$20,000.00

|  | **TOTAL** | **$39,907.00** |

**PREVIOUS CONTRACT PRICE:** $1,546,705.06
**AMOUNT OF THIS ORDER:** $   39,907.00
**TOTAL CONTRACT & EXTRAS:** $1,586,612.06

THE TERMS AND CONDITIONS OF THE ORIGINAL SUBCONTRACT FOR THE ABOVE WORK SHALL GOVERN THIS CHANGE.

**AMOUNT OF ORIGINAL CONTRACT:** $1,600,000.00

WDF Inc.

Accepted by:
ASGCO Manufacturing Inc.

By: _____

_____
Lawrence Roman, President

Title: _____

Date: _____

S511-50-01-03
LR/rf

PM

# WDF Inc.

*30 No. MacQuesten Parkway, Mt. Vernon, NY 10550 • Tel. (914) 776-8000 • Fax (914) 668-5602*

January 12, 2005

ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA 18102-3136

**#511-50; Hunts Point WPCP – HP-234 - Bronx**
RE:     **Subcontract Change Order #S-511-50-01-03**

Gentlemen:

Please find attached the Subcontract Change Order as referenced above.

Please sign the attached two (2) Subcontract Change Order originals and send to this office evidencing your acceptance of same. The subcontractor copy will be returned to you properly executed for your files.

All subcontractors and suppliers shall be required to furnish to this company the last available "Material Safety Data Sheets" for products under this subcontract.

Your immediate attention to this matter will be greatly appreciated.

Very truly yours,

WDF INC.

*Lawrence Roman*

Lawrence Roman
President

LR/rf
Attachment

CC:     LR
        PM
        ACCT
        File

# WDF Inc.

## SUBCONTRACT CHANGE ORDER

**SUBCONTRACTOR:** *ASGCO Manufacturing Inc.*
*301-323 Gordon Street*
*Allentown, PA 18102-3136*

**CHANGE ORDER #:** *S-511-50-01-03*

**DATE:** *January 5, 2005*

**PROJECT NAME:** *Hunts Point WPCP – HP-234 – Bronx*

**SUBJECT:** *Replace Grease System as directed by NYC DEP per WDF Change Proposal CP-1; Rev. 1*

### SCOPE OF WORK

*Furnish all labor, materials, tools, equipment, supervision and insurances per the contract documents and attached NYC DEP Change Order No. M-2 for the lump sum price of $39,907.00 in accordance with the following breakdown:*

*1) Supply of all required ¼" stainless steel tubing, fittings and accessories (F.O.B. job site)..................................................................................$19,407.00*

*2) Supply of all required grease (F.O.B. job site) for initial charge (approximately 30 gallons)...........................................................$    500.00*

*3) Supervision, including travel and living expenses....................................$20,000.00*

| | |
|---|---|
| **TOTAL** | **$39,907.00** |

**PREVIOUS CONTRACT PRICE:**   $1,546,705.06
**AMOUNT OF THIS ORDER:**   $   39,907.00
**TOTAL CONTRACT & EXTRAS:**   $1,586,612.06

*THE TERMS AND CONDITIONS OF THE ORIGINAL SUBCONTRACT FOR THE ABOVE WORK SHALL GOVERN THIS CHANGE.*

*AMOUNT OF*
*ORIGINAL CONTRACT:* $1,600,000.00

**WDF Inc.**

Lawrence Roman, President

*Accepted by:*
**ASGCO Manufacturing Inc.**

By: _____

Title: _____

Date: _____

S511-50-01-03
LR/rf

PM

# WDF Inc.

## SUBCONTRACT CHANGE ORDER

SUBCONTRACTOR:    ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA 18102-3136

CHANGE ORDER #:    S-511-50-01-03

DATE:    January 5, 2005

PROJECT NAME:    Hunts Point WPCP – HP-234 – Bronx

SUBJECT:  Replace Grease System as directed by NYC DEP per WDF Change Proposal CP-1; Rev. 1

### SCOPE OF WORK

Furnish all labor, materials, tools, equipment, supervision and insurances per the contract documents and attached NYC DEP Change Order No. M-2 for the lump sum price of $39,907.00 in accordance with the following breakdown:

1) Supply of all required ¼" stainless steel tubing, fittings and accessories
   (F.O.B. job site)............................................................................................$19,407.00
2) Supply of all required grease (F.O.B. job site) for initial charge
   (approximately 30 gallons)...........................................................................$   500.00
3) Supervision, including travel and living expenses......................................$20,000.00

                                                    TOTAL      $39,907.00

PREVIOUS CONTRACT PRICE:    $1,546,705.06
AMOUNT OF THIS ORDER:    $   39,907.00
TOTAL CONTRACT & EXTRAS:  $1,586,612.06

THE TERMS AND CONDITIONS OF THE ORIGINAL SUBCONTRACT FOR THE ABOVE WORK SHALL GOVERN THIS CHANGE.

AMOUNT OF
ORIGINAL CONTRACT: $1,600,000.00

WDF Inc.                       Accepted by:
                                    ASGCO Manufacturing Inc.

                                    By: _____

Lawrence Roman, President              Title: _____

                                    Date: _____

S511-50-01-03
LR/rf

# WDF Inc.

30 No. MacQuesten Parkway, Mt. Vernon, NY 10550 • Tel. (914) 776-8000 • Fax (914) 668-5602

January 12, 2005

ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA 18102-3136

RE:    **#511-50; Hunts Point WPCP – HP-234 - Bronx**
       **Subcontract Change Order #S-511-50-01-02**

Gentlemen:

Please find attached the Subcontract Change Order as referenced above.

Please sign the attached two (2) Subcontract Change Order originals and send to this office evidencing your acceptance of same. The subcontractor copy will be returned to you properly executed for your files.

All subcontractors and suppliers shall be required to furnish to this company the last available "Material Safety Data Sheets" for products under this subcontract.

Your immediate attention to this matter will be greatly appreciated.

Very truly yours,

**WDF INC.**

*Lawrence Roman*

Lawrence Roman
President

LR/rf
Attachment

CC:    LR
       PM
       ACCT
       File

# WDF Inc.

## SUBCONTRACT CHANGE ORDER

**SUBCONTRACTOR:** ASGCO Manufacturing Inc.
301-323 Gordon Street
Allentown, PA 18102-3136

**CHANGE ORDER #:** S-511-50-01-02

**DATE:** January 5, 2005

**PROJECT NAME:** Hunts Point WPCP – HP-234 – Bronx

**SUBJECT:** Replacement of Existing Safety Switches on Conveyors per WDF Change Proposal No. CP-3; Rev. 1

### SCOPE OF WORK

Furnish all labor, materials, tools, equipment, supervision and insurances per the contract documents and attached NYC DEP Change Order No. M-1 for the lump sum price of $71,705.06 in accordance with the following breakdown furnished by ASGCO and accepted by the NYC DEP as submitted:

1) Entire interior of four (4) panels at $5,534.00 each............................................$22,331.06
2) ASGCO's electrical work in panels, including travel, living expenses & shop time.. $ 7,874.00
3) ASGCO Supervision....................................................................................... $ 7,500.00
4) Supply of Ark tight flex couplings (F.O.B. job site) = 20 @ $265.00 each............$ 5,300.00
5) Supply of rope pull switches (F.O.B. job site) = 24 @ $800.00 each....................$19,200.00
6) Supply of Zero speed safety switches (F.O.B. job site) = 10 @ $950.00 each....... $ 9,500.00

|  |  |
|---|---|
| **TOTAL** | **$71,705.06** |

PREVIOUS CONTRACT PRICE:    $1,475,000.00
AMOUNT OF THIS ORDER:       $   71,705.06
**TOTAL CONTRACT & EXTRAS:  $1,546,705.06**

THE TERMS AND CONDITIONS OF THE ORIGINAL SUBCONTRACT FOR THE ABOVE WORK SHALL GOVERN THIS CHANGE.

AMOUNT OF
ORIGINAL CONTRACT: $1,600,000.00

**WDF Inc.**

**Accepted by:**
**ASGCO Manufacturing Inc.**

_____
Lawrence Roman, President

By: _____

Title: _____

Date: _____

S511-50-01-02
LR/rf

PM